**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| KELVIN J. MILES, | Case No. 21-CV-2415 (DSD/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN KALLIS; FEDERAL MEDICAL CENTER; and UNITED STATES OF AMERICA, | |
| Respondents. | |

This matter is before the Court on Mr. Miles's Petition for Writ of Habeas Corpus (Dkt. No. 1), Mr. Miles's Motion for Default Judgement (Dkt. No. 21), and Mr. Miles's Motion to Withdraw and Appoint Counsel (Dkt. No. 26). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Under both federal law and the laws of each of the states, the doctrines of res judicata and collateral estoppel generally bar litigants from prosecuting claims that they either have already litigated or that they could reasonably have been expected to litigate in another lawsuit. *See, e.g.*, *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151–52 (8th Cir. 2012); *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982). But for various historical reasons, "ordinary principles of res judicata and collateral estoppel do not strictly apply in the federal habeas context." *Rehbein v. Clarke*, 94 F.3d 478, 481 (8th Cir. 1996) (citing *Sanders v. United States*, 373 U.S. 1, 7–8 (1963)); *accord Waley v. Johnston*, 316

1

U.S. 101, 105 (1942) ("The principle of res judicata does not apply to a decision on habeas corpus refusing to discharge a prisoner").

Two related doctrines — one judicially created, and one imposed by statute — fill the space in habeas corpus proceedings that res judicata and collateral estoppel occupy in other civil litigation. First, the judicially created abuse-of-the-writ doctrine permits a court to dismiss a petition for a writ of habeas corpus where the petitioner could have raised the claims in a prior habeas petition absent a showing either of (1) cause for the failure and actual prejudice resulting from the failure, or (2) actual innocence of the offense of conviction. *See McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991). Second, if a person in custody pursuant to the judgment of a state court brings a "second or successive" habeas petition, that petition may only be considered by a federal district court if that petition has first been authorized by the appropriate court of appeals—an authorization that may be granted by the appellate court only in very limited circumstances. *See* 28 U.S.C. § 2244(b). Unlike the abuse-of-the-writ doctrine, the statutory restriction on second or successive habeas petitions is jurisdictional. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

About forty years ago, petitioner Kelvin J. Miles was found guilty in the Superior Court of the District of Columbia on charges of burglary of a dwelling and assault with intent to commit rape, and he was sentenced to an indeterminate sentence of ten to thirty years' imprisonment. *See* Decl. of Theresa Villarreal Ex. A at 2–3 [Dkt. No. 23-1] (D. Minn. Aug. 12, 2022). Mr. Miles at that time was already serving very long sentences imposed by the State of Maryland after convictions on similarly serious charges, *see Miles v. Birkholz*, No. 19-CV-0884 (ECT/ECW), 2020 WL 1191015, at *1 (D. Minn.

Jan. 24, 2020) (discussing procedural history). Mr. Miles began serving his Washington, D.C. Superior Court sentence only in 2012, after his lengthy Maryland sentences expired and Mr. Miles continues to serve the sentence of the Washington, D.C. court today at the Federal Medical Center in Rochester, Minnesota.

The upshot is that Mr. Miles, who is now almost seventy years old, has spent most of his life, and practically all of his adulthood, in prison. For much of that time, Mr. Miles has occupied himself by filing habeas petitions in federal court challenging his Maryland convictions, his D.C. conviction, the legality of the sentences imposed in those venues, the accuracy of the computation of his current sentence by the Federal Bureau of Prisons, his eligibility for parole, and much else. *See, e.g.*, *Miles v. State of Maryland District of Columbia*, Civil Action No. AW-10-143, 2010 WL 419377, at *1 (D. Md. Jan. 29, 2010) (noting that Mr. Miles at that time had already "filed approximately twenty-six federal habeas corpus petitions in this district with regard to his 1979 and 1980 Maryland convictions."); *Miles*, 2020 WL 1191015, at *3–6 (D. Minn. Jan. 24, 2020) (discussing a claim related to eligibility for parole).[1]

Mr. Miles commenced this case with his most recent habeas petition, in which he alleges that his appellate counsel in the D.C. criminal case was ineffective for having failed to argue that his offense of conviction carried only a five-to-thirty-year term of

---

[1] Mr. Miles has also filed (by this Court's count) eleven petitions for a writ of habeas corpus in the United States District Court for the District of Columbia. *See, e.g.*, *Miles v. Rollins*, No. 1:89-CV-2353, 733 F. Supp. 128, 129–31 (D.D.C. Mar. 20, 1990). Mr. Miles most recently sought habeas relief from that court in March 2021, a few months before he initiated this habeas proceeding. *See Miles v. Khallis*, No. 1:21-CV-0756 (D.D.C. filed Mar. 19, 2021).

3

imprisonment, not the ten-to-thirty-year term that was imposed by the Court. *See* Petition at 3–4 (Dkt. No. 1). There is no obvious reason—and Mr. Miles has not offered a non-obvious reason—that he could not have raised this claim in any of the several other habeas petitions he has filed over the years attacking his D.C. conviction and sentence. The claim does not, for example, concern a change in the law, or newly discovered evidence, or anything else that would have prevented Mr. Miles from litigating this claim at any time between four decades ago and today. Nor has Mr. Miles offered any adequate cause for the delay. This case is a textbook example of an abuse of the writ.[2]

The only question that complicates this habeas proceeding is whether the statutory bar of § 2244(b) applies in this case and thereby supersedes the application of the abuse-of-the-writ doctrine. Because it is a jurisdictional requirement that a habeas petitioner bringing a second-or-successive petition for relief first procure authorization from the appropriate court of appeals, the Court *must* dismiss on that basis if § 2244(b) applies to the present petition. Lacking jurisdiction over this matter, the Court would lack authority to proceed to the question of whether the abuse-of-the-writ doctrine also applies to the petition.

---

[2] Mr. Miles's claim is also not especially compelling on the merits. The gist of Mr. Miles's argument is that he could not have been guilty of assault with intent to commit rape under D.C. law because he did not penetrate the sexual organs of the victim. But the United States would not have been required to show actual penetration in order to secure a conviction; all that would have been necessary is to show that Mr. Miles *intended* to sexually penetrate the victim. *See Langley v. United States*, 515 A.2d 729, 731–32 (D.C. 1986) (stating elements of assault with intent to commit rape).

4

There is no doubt that Mr. Miles's current habeas petition is "successive" within the meaning of § 2244(b). The same principles informing whether a petition could be considered an abuse of the writ also inform whether a second-in-time (or twentieth-in-time) habeas petition is "second or successive" under the statute. *See Crouch v. Norris*, 251 F.3d 720, 723–24 (8th Cir. 2001). This Court has already explained that Mr. Miles's habeas petition fails the abuse-of-the-writ test, and it would unquestionably fail the second-or-successive test of § 2244(b) as well, if that provision were to apply. And no federal court of appeals has authorized Mr. Miles to proceed with a successive habeas petition.

The Court will recommend that Mr. Miles's Petition be dismissed, but the difficult question is whether to do so because Mr. Miles has abused the writ or because his petition is successive. The authorization requirement of § 2244(b) applies only where a second-or-successive habeas petition is brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(b)(2). Section 2254, in turn, applies only where a prisoner is "in custody pursuant to the judgment of a State court. . . ." 28 U.S.C. § 2254(a). Mr. Miles is in custody pursuant to a judgment of the Superior Court for the District of Columbia. The question before the Court is therefore whether the Washington D.C. courts are "State court[s]" for purposes of § 2254(a)—a question that has been the subject of relatively little attention from the courts.[3]

---

[3] One reason that the question has been so little discussed by the federal courts is that D.C. Code § 23-110(g) gives the District of Columbia Superior Court exclusive jurisdiction over most collateral challenges to a conviction or sentence. Section 23-110(g) serves substantially the same function that 28 U.S.C. § 2255(e) serves for federal prisoners seeking to challenge a conviction or sentence, generally precluding federal habeas review of convictions and sentences incurred in the Washington D.C. courts. But the United States

5

No provision of federal law defines "State" at that term is used in § 2254(a). *See Madley v. United States Parole Comm'n*, 278 F.3d 1306, 1308 (D.C. Cir. 2002). The United States Court of Appeals for the D.C. Circuit, for its part, has held that a habeas petition brought by a prisoner held pursuant to a judgment of the Washington D.C. courts is, in fact, governed by § 2254. *See Head v. Wilson*, 792 F.3d 102, 106 n.3 (D.C. Cir. 2015). Its rationale for doing so, however, is somewhat oblique. *Head*, which interpreted § 2254(a) as applying to D.C. defendants, *see id.*, leaned largely on *Madley*, which interpreted the term "State court" in 28 U.S.C. § 2253(c) as applying to the Washington D.C. courts, *see Madley*, 278 F.3d at 1309. *Madley*, in turn, leaned substantially on *Garris v. Lindsay*, 794 F.2d 722, 724 n.8 (D.C. Cir. 1986), which had concluded the same.

But *Garris* itself offers no independent analysis concerning the question of whether the Washington D.C. courts are state courts for purposes of the habeas statutes, and the cases cited by *Garris* as supporting its position are, to put it mildly, tangential to the question. Specifically, *Garris* relied largely upon a footnote of a concurring opinion in the D.C. Court of Appeals case of *Streater v. United States*, 478 A.2d 1055, 1059 (D.C. 1984) (J. Nebeker, concurring), which noted that the D.C. Circuit had entered an order of abeyance in a habeas matter brought by a petitioner held pursuant to a Washington D.C. court judgment despite a certificate of probable cause not having been issued—something that would have been a requirement if the D.C. courts were state courts for purposes of

---

concedes—and this Court agrees—that § 23-110(g) does not deprive this Court of jurisdiction over the specific ineffective-assistance-of-appellate-counsel claim brought by Mr. Miles in this action.

6

§ 2253(c) (or § 2254). *Garris*'s use of this brief footnote—a footnote in a concurring opinion from the Court of Appeals for the District of Columbia on a tangential issue—as though it were conclusive of the correct interpretation of the federal habeas statutes strikes this Court as stretching the authority of the *Streater* footnote farther than it can reasonably extend, especially since the footnote highlighted an instance where the D.C. Circuit had *not* treated the Washington D.C. courts as state courts for purposes of the habeas statutes.

The only other citation offered by *Garris* in support of its *ipse dixit* position that the Washington D.C. courts are state courts is the statement in *Swain v. Pressley*, 430 U.S. 372, 375 n.4 (1977), that the act of Congress which created the Washington D.C. courts had created "a system of courts analogous to those found in the States." This statement is neither dispositive of, nor even helpful in resolving, the question now before the Court. The Washington D.C. courts are of course similar to state courts in many respects—but that does not compel the conclusion that the Washington D.C. courts *are* state courts for purposes of § 2254.

This Court is not the first to notice the obvious rejoinder to *Garris* and its progeny (which are not binding in this case): Washington D.C. is not a state, and therefore the courts of Washington D.C. would seem not to be "State court[s]" under § 2254(a), at least absent a clearer statutory indication to the contrary. *See Butler v. Huibregtse*, No. 10-CV-0128, 2010 WL 1288729, at *1 n.1 (W.D. Wis. Mar. 26, 2010) ("Although the District of Columbia's local court system is analogous to those in the states, the district is not technically a 'state.'"); *Ford v. Rios*, No. 08-196-ART, 2009 WL 511136, at *3 (E.D. Ky. Mar. 2, 2009) ("Because Ford is in custody pursuant to a judgment of a District of

7

Columbia court, not a state court, he cannot seek relief pursuant to Section 2254."). Indeed, another federal court has found in the context of a habeas petition *brought by Mr. Miles himself* that § 2254 "is not available to persons convicted in the Superior Court for the District of Columbia because the District of Columbia is not a State."[4] *Miles v. Warden, Federal Correctional Institute, Estill, S.C.*, No. 2:13-CV-0721, 2013 WL 4505411, at *5 (D.S.C. Aug. 22, 2013).

This Court finds the cases declining to follow *Garris* well-reasoned and agrees with them: The District of Columbia is not a state and a prisoner serving a sentence imposed following a conviction in D.C. Superior Court is therefore not held pursuant to a state-court judgment. The Superior Court of the District of Columbia is an Article I federal court. *United States v. Palmore*, 411 U.S. 389, 398 (1973).[5] If Congress had meant to include Article I federal courts within the definition of "state courts" for § 2244 purposes, it needed to say so clearly. *Env't Prot. Agency v. EME Homer City Generation*, 572 U.S. 489, 508–09 (2014) ("[A] reviewing court's 'task is to apply the text [of the statute], not to improve upon it.'" (citing *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 126 (1989)). Such a habeas petition is therefore not governed by § 2254. And because Mr. Miles's habeas

---

[4] Although hardly determinative, this Court notes that the United States did not rely upon (or even refer to) § 2254 in the only other habeas matter filed by Mr. Miles in this District in which the respondents have been directed to file an answer. *See generally Miles v. Birkholz*, No. 19-CV-0884 (ECT/ECW).

[5] For authority on this point, the Palmore Court quoted H.R. Rep. 91-907, p. 44: "This title makes clear (section 11-101) that the District of Columbia Court (the District of Columbia Court of Appeals and the Superior Court of the District of Columbia) are Article I courts, created pursuant to Art. I, section 8 clause 17. . . ."

petition is not governed by § 2254, the restrictions on second-or-successive petitions found in § 2244(b) do not apply to his petition.[6]

None of this does Mr. Miles himself much good. Although the Court has jurisdiction to consider the petition now pending, it should nevertheless decline to do so — again, there is no good reason that Mr. Miles could not have raised his ineffective-assistance claim decades earlier, and it is an abuse of the writ for him to pursue the claim now. The habeas petition should be denied on that basis.

Two further matters merit brief comment:

First, Mr. Miles has filed what he labels an "amendment" to his habeas petition but is, in truth, a *supplement* to the original petition that raises an entirely different claim for relief. *See* Am. Pet. (Dkt. No. 17). Mr. Miles did not request permission to file this amendment; the time for filing an amended complaint as a matter of course had long since

---

[6] This Court concludes that Mr. Miles is not in custody pursuant to a state-court judgment, but there is another reason for suspecting that § 2244(b) would not apply even if Mr. Miles's petition were governed by § 2254. Each habeas petition of Mr. Miles that this Court has located attacking the Washington D.C. conviction and sentence (rather than the Maryland convictions and sentences) were labeled by Mr. Miles as filed pursuant to 28 U.S.C. § 2241. Nor has this Court found an instance where Mr. Miles has been warned by a court that his habeas petition would be regarded as being brought under § 2254 or apprised of the consequences of this interpretation. Absent such a warning having been given in any of Mr. Miles's prior habeas matters, it is doubtful that the Court could apply the second-or-successive restrictions of § 2244(b) in this case, even if it were true that each of the petitions was governed by § 2254(a). *See Castro v. United States*, 540 U.S. 375, 377 (2003); *Smith v. Hobbs*, 490 F. App'x 833, 834 (8th Cir. 2012) (per curiam) (applying *Castro* to habeas petitions); *Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924–25 (10th Cir. 2008) (requiring *Castro* warnings where habeas petition not labeled as brought pursuant to § 2254 is found to be governed by that petition); *but see Amen El v. Schnell*, No. 21-CV-0156 (NEB/ECW), 2021 WL 2323209 at *2 n.2 (D. Minn. Feb. 11, 2021) (concluding that *Castro* warnings unnecessary where § 2254 is found to apply to a document filed expressly as a habeas petition).

passed, *see* Fed. R. Civ. P. 15(a)(1); and the Local Rules of this District prohibit supplementary amendments of the kind filed by Mr. Miles, *see* D. Minn. L.R. 15.1(a). The amended petition is therefore not operative, the claim raised in that petition is not before the Court, and Respondents were under no obligation to answer the amended petition, as they had never been ordered to do so, *see* Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts.[7] Mr. Miles's motion for default judgment on that amended petition should therefore be denied.[8]

Second, Mr. Miles's has filed a recent "motion to withdraw" that is more accurately characterized as a motion for this Court not to apply § 2244(b) to his petition. *See* Dkt. No. 26. This Court has already concluded that § 2244(b) does not apply in this matter, and therefore Mr. Miles's motion is moot in that regard and may be denied on that basis. Insofar as Mr. Miles requests appointment of counsel as part of that motion, this Court believes that such an appointment could not be in the interests of justice; the petition would be no less of an abuse of the writ if it had been filed by an attorney. It is therefore recommended that this request also be denied.

---

[7] This Court has already concluded that Mr. Miles's habeas petition is not governed by § 2254, but the Rules Governing Section 2254 Cases may be applied to any habeas petition, not only habeas petitions brought under § 2254. *See* Rule 1(b).

[8] The claim raised in the supplementary petition is as much an abuse of the writ as the claim raised in the initial petition—in fact, thus concluded the United States District Court for the District of Columbia when Mr. Miles raised a similar claim 32 years ago. *See Miles*, 733 F. Supp. at 131 ("this Court must also dismisses [sic] the petition in its entirety as repetitive of other federal habeas corpus petitions that Petitioner has filed."). But the claim raised in the supplementary petition need not be dismissed for abuse of the writ in this case, because the claim is not properly before the Court at all.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Kelvin J. Miles (Dkt. No. 1) be DISMISSED as an abuse of the writ.

2. Mr. Miles's motion for default judgment (Dkt. No. 21) be DENIED.

3. Mr. Miles's motion to withdraw (Dkt. No. 26) be DENIED.


Dated: September 20, 2022         _s/ John F. Docherty_____
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).